UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW J. LIPETSKA ET AL.                CIVIL ACTION

VERSUS                                    NO: 06-7238

UNITED SERVICES AUTOMOBILE                SECTION: "J" (1)
ASSOCIATION A/K/A USAA ET
AL.

**ORDER AND REASONS**

Before the Court is Plaintiffs' **Motion to Remand (Rec. Doc. 19)**. This motion, which was opposed, was set for hearing on November 22, 2006 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be denied.

**Background Facts**

Plaintiffs filed suit against USAA Insurance Agency ("USAA Agency") and others in Civil District Court for the Parish of Orleans alleging Hurricane Katrina-related claims. Plaintiffs claimed that USAA Agency had negligently failed to discharge its duty under Louisiana law to properly advise Plaintiffs about and to place appropriate flood coverage for the contents of their home.  Plaintiffs also sued their flood insurer, USAA General Indemnity Company ("USAA General") and/or United Services Automobile Association ("USAA") claiming that they are liable for

the negligent acts and omissions of USAA Agency based on the *respondeat superior* doctrine.

USAA General removed the action to this Court basing jurisdiction on several bases, including the National Flood Insurance Act ("NFIA"), claiming that Plaintiff's claims involve its handling of or compliance with federal regulations in paying Plaintiff's insurance claims.

## Arguments of the Parties

Plaintiffs argue that removal was improper because they sued their flood insurance agent and flood insurer claiming that the agent had failed to procure the proper limits of flood coverage. Plaintiffs assert that these are merely policy procurement claims that do not confer federal court jurisdiction.

USAA General opposes Plaintiffs' motion to remand, based on several theories.  However, because this Court agrees that Plaintiffs have pled allegations in their Petition that confer federal court jurisdiction, it does not reach the merits of the various theories set forth by USAA General. Defendants acknowledge what is evident from the Petition, Plaintiff have, in fact, asserted a policy procurement claim.  However, Defendants note that other allegations in Plaintiffs' Petition make their removal proper.

In Paragraph 9 of the Petition, Plaintiffs claim that they believed they had obtained contents limits of $135,000 on their flood insurance policy; however, they in fact had only $25,000

worth of coverage, all of which was paid to Plaintiffs.  In Paragraphs 11, Plaintiffs allege that "Defendants have refused to pay the claim, which refusal is arbitrary, capricious and without probable cause."  Paragraph 12 states that due to Defendants arbitrary and capricious refusal to pay their claims, they are entitled to recover damages including the cost of replacement of their contents and other personal property on the premises up to the policy limits of $135,000.  Defendant argues that these allegations pertain to their claims handling procedures and are governed by the National Flood Insurance Program ("NFIP"), thereby making removal proper.

## Discussion

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. Coury v. Prot, 85 F.3d 244, 248, (5th Cir.1996).  As such, federal courts possess only the power authorized by the Constitution and Congress. Kokkonen v. Guardian Life Insurance Co. Of America, 114 S.Ct. 1673, 1675 (1994). Here, the jurisdiction alleged by Defendants is federal question jurisdiction as they claim the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "It is well settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Heimann v. Nat'l Elevator Indus. Pension Fund, 187 F.3d 493, 499 (5th Cir.1999); Caterpillar Inc.

v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (stating that subject matter jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

Here, this Court finds that certain allegations in Plaintiff's Petition involve claims handling procedures used by Defendants and fall within the NFIP.  Specifically, Defendants' decision to pay or not to pay such claims are governed by federal laws and regulations. Thus, this Court concludes that removal based on federal question was proper.  Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion to Remand (Rec. Doc. 19)** should be and hereby is **DENIED.**

New Orleans, Louisiana this the 22nd day of November, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE